■        In the Matter of the Claim of JOHN WRIGHT, Respondent, v. FITCH OIL Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. In the Matter of the Claim of JOHN WRIGHT, Respondent, v. GENEVA MOBILE HOMES et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board which modified the Referee's award against appellants, Fitch Oil Company and its carrier, Maryland Casualty Company, and affirmed the Referee's decision dismissing the claim against claimant's prior employer. Claimant struck his head on a low door sill while loading a truck for his employer, Geneva Mobile Homes, on April 18, 1960. He experienced headaches and dizziness and was hospitalized for treatment for approximately five days beginning on April 21. During this time his wife was given a check for $50 which it was said he had coming. Claimant continued treatment after his release from the hospital as he still suffered from blackouts and headaches. Claimant returned to work for Geneva and later changed his employment to

the appellant, Fitch Oil Co. On November 28, 1960, while working for appellant, claimant slipped from the top of a truck and bruised his arms and thighs. There was no serious injury at this time and the case was closed on a finding that disability did not exceed the seven-day waiting period required by section 12 of the Workmen's Compensation Law. The case was reopened in 1962 on the basis of Dr. Corradini's report. The Referee found claimant totally disabled and decided that 50% of this disability was causally related to the second accident. He disallowed the claim for the first accident for failure to file said claim within two years as required by section 28 of the Workmen's Compensation Law. Upon review the board found that the first employer did not waive its right to object to the time of filing a claim and that no advance payment was made. The board also found that the disability was due entirely to the second accident. We believe that this is purely a factual situation and there is substantial evidence in the record to sustain the board's position. There is a great deal of medical testimony from several doctors including neurologists and psychiatrists, many of whom found no objective basis to claimant's condition and some of whom found doubtful disability or a possible psychiatric problem. There is, however, substantial evidence by the claimant and his physician, Dr. Smith, that claimant was completely recovered from his symptoms after the first accident and prior to the second accident. Dr Serkin, a psychiatrist, sustains this position by testifying that claimant's present symptoms were a direct result of the second accident. The record evidences no intention by the first carrier to make an advance payment to claimant. There is also evidence that the issue of section 28 of the Workmen's Compensation Law was raised by the first employer at the first hearing as required. Decision affirmed, with costs to the respondent employer and carrier. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.